UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR BAEZ, | ) No. CV 04-10595-PJW |
| | ) |
| Plaintiff, | ) |
| | ) MEMORANDUM OPINION AND ORDER |
| v. | ) |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

I.

INTRODUCTION

Plaintiff brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking to overturn the decision of the Social Security Administration (hereinafter the "Agency") denying Supplemental Security Income ("SSI") benefits. Alternatively, Plaintiff asks the Court to remand the case to the Agency for further proceedings. After reviewing the record and for the reasons discussed below, the Agency's decision is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.

## II.
## BACKGROUND

Plaintiff was born on September 2, 1951, and was 52 years old at the time of the administrative hearing. (Administrative Record ("AR") 66, 278.) Plaintiff has a high school education. (AR 27, 94.) He claimed past work experience as a stock clerk, during the years 1984 to 1989, and as a truck driver, during the years 1970 to 1979. (AR 79.) Plaintiff's earnings record, however, reflects that his last earnings were in 1987. (AR 75-76.) As a result, the ALJ found that Plaintiff had "no 'past relevant work' as that term is defined for Social Security purposes (20 C.F.R. §416.965)." (AR 27.)

Plaintiff filed a prior application for SSI on August 13, 2001, which was initially denied on December 18, 2001. (AR 20.) Plaintiff did not appeal that decision. (AR 20.) Plaintiff filed the instant application for SSI on October 25, 2002, alleging inability to work since February 1, 2001, due to liver disease, Hepatitis B and C, treatment with diuretic medications, and dizziness. (AR 20, 66-68, 87-96.) Following denials of his claims at the initial and reconsideration levels, Plaintiff requested a hearing before an administrative law judge ("ALJ"). (AR 38-48.)

On March 11, 2004, the ALJ held a hearing. (AR 20-29.) Plaintiff was represented by counsel and testified at the hearing. (AR 20, 388-413.) A vocational expert also testified. (AR 20, 406-411.)

On April 8, 2004, the ALJ issued a decision analyzing Plaintiff's claims under the Agency's five-step sequential evaluation process. (AR 21-29.) He determined that Plaintiff had not engaged in substantial gainful activity since October 25, 2002, the date

Plaintiff filed his application for SSI. (AR 21.) He found that Plaintiff had medically determinable impairments consisting of cirrhosis with splenomegaly, a history of Hepatitis B and C infection, portal hypertension with esophageal varices, chronic gastritis, obesity, social phobia, and a depressive disorder.[1] (AR 22.) The ALJ concluded that, "[w]hile not each impairment is severe if considered separately, in combination, they are severe." (AR 22.) The ALJ then proceeded to the third step of the sequential evaluation process and concluded that Plaintiff did not, singly or in combination, have an impairment that met the criteria of any of the listed impairments in 20 C.F.R., Part 404, Appendix I to Subpart P of the Regulations (the "Listings"). (AR 22.) In his decision, the ALJ stated that he specifically considered Listing 12.04 (affective disorders), 12.06 (anxiety-related disorders), and 5.05A and F (chronic liver disease), and found that Plaintiff did not meet or equal any of these Listings. (AR 22-23.) The ALJ's decision was silent as to whether he considered Listing 5.05D. Next, the ALJ considered Plaintiff's residual functional capacity, concluding that Plaintiff was capable of light work. (AR 27.) He specifically found that Plaintiff could lift and carry twenty pounds occasionally and ten pounds frequently, stand and walk for six out of eight hours, sit for six hours, occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl, but that

---

[1] Although Plaintiff also claimed a history of ankle injury, the ALJ did not consider this injury as an impairment because he found no medical evidence related to this condition. (AR 22.) The ALJ also did not consider Plaintiff's umbilical hernia--for which Plaintiff underwent surgery--as an impairment because he found no evidence of residual problems and therefore concluded that the "condition did not persist for twelve consecutive months within the period currently under consideration." (AR 22.)

1 | Plaintiff could not climb ladders, ropes, or scaffolds. (AR 27.) The
2 | ALJ determined that Plaintiff had no past relevant work experience.
3 | The ALJ called a vocational expert, who testified that Plaintiff was
4 | capable of performing the occupations of Cleaner, Housekeeping; Small
5 | Product Assembler II; Toy Assembler; and Small Product Assembler I.
6 | (AR 27.) The ALJ found that a significant number of jobs existed in
7 | the economy that Plaintiff could perform. (AR 27.) Alternatively, he
8 | found that Rule 202.13 of the Medical-Vocational Guidelines, 20 C.F.R.
9 | Part 404, Appendix 2 to Subpart P, directed a finding of not disabled.
10 | (AR 27.) As a result, the ALJ determined that Plaintiff was not
11 | disabled and denied his claim for SSI. (AR 28.) Plaintiff's request
12 | for Appeals Council review was denied, and the decision of the ALJ
13 | became the final decision of the Agency. (AR 6-8.)

## III.

## STANDARD OF REVIEW

"Disability" under the Agency regulations is defined as the inability to perform any substantial gainful activity due to "any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A)(2006). The Court may overturn the ALJ's decision that a claimant is not disabled "'only if [the decision] is not supported by substantial evidence or it is based on legal error.'" *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989)(quoting *Green v. Heckler*, 803 F.2d 528, 529 (9th Cir. 1986)). Substantial evidence "'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

It is "more than a mere scintilla but less than a preponderance," *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998), and "does not mean a large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).  The Court must uphold the ALJ's conclusion even if the evidence in the record "is susceptible to more than one rational interpretation."  *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).  Indeed, if the record evidence can reasonably support either affirming or reversing the Agency's decision, this Court must not substitute its judgment for that of the ALJ.  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

## IV.
## DISCUSSION

Though Plaintiff purports to raise only one issue on appeal-- whether the ALJ's finding that Plaintiff's impairments do not meet or equal a Listing is supported by substantial evidence (Joint Stipulation ("JS") at 2)--in reality, his appeal raises three issues:

1. Whether the ALJ's findings that Plaintiff does not meet or equal Listing 5.05A is supported by substantial evidence.
2. Whether the ALJ erred by failing to consider whether Plaintiff meets or equals Listing 5.05D.
3. Whether the ALJ erred by not utilizing the services of a medical expert to determine whether Plaintiff's impairments were medically equivalent to any of the Listings.[2]

---

[2] Plaintiff also claims it was error for the ALJ not to obtain an updated medical opinion from a state agency physician before determining whether Plaintiff meets or equals a listed impairment.  This contention will also be discussed in detail below.

### A. The ALJ's Determination That Plaintiff Does Not Meet or Equal Listing 5.05A Is Supported by Substantial Evidence

The burden rests on the claimant to show that his condition meets or equals a listed impairment. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). To do so, a claimant must establish that he meets each characteristic of a listed impairment relevant to his claim and must exhibit every finding specified in the Listing. *Tackett*, 180 F.3d at 1099; *Marcia v. Sullivan*, 900 F.2d 172, 175 (9th Cir. 1989); 20 C.F.R. § 416.925(d)(2001). In other words, the mere diagnosis of a listed impairment is not sufficient to sustain a finding of disability. *Young v. Sullivan*, 911 F.2d 180, 183-84 (9th Cir. 1990). The claimant must also exhibit the findings shown in the Listing for that impairment. 20 C.F.R. § 416.925(d)(2001); *see also Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985).

To *equal* a listed impairment, Plaintiff must establish "symptoms, signs and laboratory findings 'at least equal in severity and duration' to the characteristics of a relevant listed impairment." *Tackett*, 180 F.3d at 1099(9th Cir. 1999)(quoting 20 C.F.R. § 404.1526). Whether a claimant meets or equals the criteria for a listed impairment is an issue reserved to the Agency. 20 C.F.R. § 416.927(e)(2001).

Plaintiff contends that he satisfies Listing 5.05A for "Chronic Liver Disease." (JS at 4). Listing 5.05A provides as follows:

> Chronic liver disease (e.g., portal, postnecrotic, or biliary cirrhosis; chronic active hepatitis; Wilson's disease). With:

```
          A.   Esophageal varices³ (demonstrated by X-ray or
          endoscopy) with a documented history of massive
          hemorrhage attributable to these varices.
          Consider under a disability for 3 years following
          the last massive hemorrhage; thereafter, evaluate
          the residual impairment[.]
```
20 C.F.R. Pt. 404, Subpt. P, App. 1, § 5.05A.

Although the medical evidence established that Plaintiff has chronic liver disease with esophageal varices, Plaintiff did not prove that he had a "documented history of massive hemorrhage attributable to [esophageal] varices." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 5.05A. The record shows that a state agency doctor concluded that there is no documentation of a massive hemorrhage. (AR 36-37, 266.) This is consistent with Plaintiff's testimony that his last massive hemorrhage had been in 1999, five years before the administrative hearing. (AR 22, 400.) Additionally, there is no evidence in the record that would support a history of massive hemorrhages. Plaintiff contends on appeal that his last hemorrhage was December 3, 2002 (JS at 9), however, the medical records--as well as Plaintiff's testimony at the hearing--do not support a finding of a "massive hemorrhage" on this day. (AR 176.)

Thus, the findings of the state agency's medical expert, which were consistent with other medical evidence, along with Plaintiff's

---

³ Esophageal varices are "extreme dilations of sub-mucosal veins in the mucosa of the esophagus in diseases featuring portal hypertension, secondary to cirrhosis primarily." Wikipedia.org, *Esophageal varices*, http://en.wikipedia.org/wiki/Esophageal_varices (last visited July 18, 2006).

testimony at the hearing, furnished substantial evidentiary support for the ALJ's determination that Plaintiff did not meet or equal listing 5.05A. (AR 36-37, 266.) See Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002)(holding opinions of non-treating or non-examining doctors may serve as substantial evidence when "consistent with independent clinical findings or other evidence in the record"). This Court will not disturb that finding.

B.  **The ALJ Erred by Not Considering Whether Plaintiff Met or Equaled Listing 5.05D**

Plaintiff complains that the ALJ failed to discuss whether he met or equaled Listing 5.05D. For the reason set forth below, the Court agrees.

To meet Listing 5.05D, a claimant must show that he has "[a]scites[4], not attributable to other causes, recurrent or persisting for at least 5 months, demonstrated by abdominal paracentesis[5] or associated with persistent hypoalbuminemia of 3.0 gm. per deciliter (100 ml.) or less[.]" 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 5.05D. Plaintiff has ascites. (AR 199, 203, 234, 318, 370.) The ALJ acknowledged this in his decision. (AR 23.) Moreover, the record establishes that Plaintiff underwent abdominal paracentesis treatment. (AR 195, 203.) Thus, Plaintiff presented a colorable claim that he

---

[4] Ascites is "an accumulation of fluid in the [abdominal] cavity" that is "most commonly due to cirrhosis and severe liver disease." Wikipedia.org, Ascites, http://en.wikipedia.org/wiki/Ascites (last visited July 18, 2006).

[5] Abdominal paracentesis is a medical procedure used to, among other things, relieve abdominal pressure from ascites. Wikipedia.org, Paracentesis, http://en.wikipedia.org/wiki/Paracentesis (last visited July 18, 2006).

meets, or equals, Listing 5.05D and the ALJ's failure to address this Listing was erroneous.

Defendant disagrees. Defendant argues that Plaintiff does not meet Listing 5.05D because he did not prove that his ascites persisted for five months. (JS at 7.) Defendant also offers several other *post hoc* justifications for why the ALJ *could have* determined that Plaintiff does not meet Listing 5.05D. (JS at 7.) The Court rejects these arguments. Not one of the Agency's reasons set forth here on appeal was discussed by the ALJ. As a consequence, the Court cannot consider them in reviewing the ALJ's decision. The Court is constrained to the four corners of the decision in upholding an ALJ's decision. See *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)(finding that it was error to affirm the ALJ's decision based on evidence that the ALJ did not discuss); see also *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947). Because the ALJ erred in failing to consider whether Plaintiff meets or equals Listing 5.05D, the Court remands the case for further proceedings to allow the ALJ to do so.[6]

C.  <u>The ALJ Properly Relied on Medical Expert Opinions of State Agency Physicians to Determine Whether Plaintiff's Impairments Were Medically Equivalent to Listings The ALJ Considered</u>

Plaintiff claims that the ALJ erred by not utilizing the services of a medical expert to determine whether Plaintiff's impairments were medically equivalent to any of the Listings the ALJ specifically considered. The Court disagrees. The ALJ properly evaluated medical equivalency for the Listings he discussed in his opinion by relying on

---

[6] The Court recognizes that it has the discretion to reverse the Agency's decision and order the Agency to pay benefits. The Court concludes, however, that remand is appropriate here.

state agency medical opinions. (AR 24.) Moreover, two state agency physicians completed Disability Determination and Physical Residual Functional Capacity Assessment forms. (AR 36-37, 266.) The signature of a state agency medical consultant on a disability determination form ensures that the physician has considered the issue of medical equivalence. See Social Security Ruling ("SSR") 96-6p ("When an administrative law judge or the Appeals Council finds that an individual's impairment(s) is not equivalent in severity to any listing, the requirement to receive expert opinion evidence into the record may be satisfied by [a disability determination form] signed by a State agency medical or psychological consultant."). Accordingly, the Court finds that the ALJ properly considered equivalency when he relied on state agency Disability Determination forms and other state agency opinions.

Plaintiff also claims that the ALJ erred by failing to obtain an updated medical opinion from a state agency physician before determining whether Plaintiff met or equaled a listed impairment. The Court does not find merit to this argument. An ALJ is only required to obtain an updated medical opinion if "no additional medical evidence is received, but in the opinion of the [ALJ] . . . the symptoms, signs and laboratory findings . . . suggest that a judgment of equivalency may be reasonable[,]" or when "additional medical evidence is received that in the opinion of the [ALJ] . . . may change [the equivalency finding]." SSR 96-p; see also Pope v. Shalala, 998 F.2d 473, 481 n.7 (7th Cir. 1993)(analyzing under rescinded SSR 83-19 and holding new opinion required only if additional medical evidence may change earlier equivalency determination). Here, the ALJ stated that he had "received and reviewed additional medical evidence that

10

was not available to the State Agency, but [had found] no evidence of significant change in the claimant's condition." (AR 24.) It was properly within the discretion of the ALJ to make this determination.

The Court notes, however, that since the ALJ did not discuss and, the Court can only assume, did not consider, Listing 5.05D, on remand the ALJ should determine whether an updated medical opinion from a state agency physician is warranted for an equivalency determination of Listing 5.05D.

## V.

## CONCLUSION

For these reasons, the Agency's decision is reversed and the case is remanded to the Agency for further proceedings consistent with this Opinion. On remand, the ALJ should make specific findings regarding whether Plaintiff meets Listing 5.05D or the medical equivalency.

IT IS SO ORDERED.

DATED: July 20, 2006.

/s/
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\BAEZ\Memo_Order.wpd